UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **BARBARA HARRIS,** | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| **FLORIDA TOURISM INDUSTRY MARKETING CORPORATION, INC.,** | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Barbara Harris (hereinafter "Plaintiff" or "Harris") and files her complaint against Defendant, Florida Tourism Industry Marketing Corporation, Inc. (hereinafter "Defendant" or "FTIMC") and in support she states the following:

**NATURE OF THE ACTION**

1. This is an action for monetary damages pursuant to the Age Discrimination in Employment Act 29 U.S.C. §§ 621, *et seq*. ("ADEA") and the Florida Civil Rights Act of 1992, Fla. Stat. §§760.10, *et seq*. ("FCRA") to redress Defendant's discrimination against Plaintiff because of her age leading to her termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADEA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising

1

under state law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Harris, is a citizen of the United States and at all times material was a citizen of the State of Florida, residing in Hamilton County, Florida.

6. Defendant, FTIMC is a Florida Not For-Profit Corporation with its principal place of business in Leon County, Tallahassee, Florida.

7. Defendant does business and Plaintiff worked for Defendant in this District.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about June 20, 2019, Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on age.

11. Plaintiff's EEOC charge was filed within three hundred days after the unlawful employment practices occurred.

12. On October 9, 2020, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

13. This complaint was filed within ninety (90) days of the EEOC's issuance of the Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

14. At all times material to this complaint Plaintiff was over the age of forty (40).

15. Plaintiff was employed by Defendant and worked in a full-time position as an Information Specialist at the time of her termination.

16. Plaintiff was employed by Defendant for approximately nineteen years.

17. Defendant discriminated against Plaintiff due to her age.

18. Plaintiff was one of the oldest Information Specialists at her location.

19. Plaintiff was 63 years old at the time of her termination.

20. Around April 2019, Doreen Goolsby, Assistant Manager, questioned Plaintiff about when she planned to retire. Ms. Goolsby demanded Plaintiff provide her with a retirement date that day. Plaintiff informed Ms. Goolsby that she did not intend to retire until September 2021. In response, Ms. Goolsby informed Plaintiff she needed to know when Plaintiff planned to retire due to an upcoming budget she was working on.

21. Shortly thereafter, Defendant terminated Plaintiff's employment.

22. However, of the eight Information Specialists working at Plaintiff's location, only Plaintiff and Rosetta Townsend, age 67, were let go, while all the younger Information Specialists remained employed.

23. Plaintiff has been harmed by Defendant's illegal conduct.

24. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Age Based Discrimination in Violation of the ADEA

25. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-24 above.

26. Defendant engaged in intentional age discrimination in Plaintiff's terms, conditions, or privileges of employment.

27. Defendant's conduct violated the ADEA.

28. Defendant's discriminatory conduct, in violation of ADEA has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

29. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

30. Defendant willfully engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count II: Retaliation in Violation of the ADEA

31. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-24 above.

32. Plaintiff engaged in protected activity under the ADEA while employed by Defendant.

33. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

34. Defendant's conduct violated the ADEA.

35. Defendant's discriminatory conduct, in violation of the ADEA has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

36. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

37. Defendant engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count III: Age Based Discrimination in Violation of the FCRA

38. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 24 above.

39. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her age with regard to hiring, employee compensation, and other terms, conditions, and privileges of employment.

40. Defendant violated the FCRA by discriminating against Plaintiff based on her age.

41. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

42. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

### Count IV: Retaliation in Violation of the FCRA

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-24 above.

44. Plaintiff engaged in protected activity under the FCRA while employed by Defendant.

45. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

46. Defendant's conduct violated the FCRA.

47. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

48. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

49. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Florida Bar No. 099040
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*